

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. A. Watson
County Attorney
Crosby County
Crosbyton, Texas

Dear Sir:

Opinion No. 0-1022
Re: Whether Commissioners' Court can
legally employ a County Home
Demonstration Agent beginning
August 1st, paying salary for
remaining five months where not
set up in budget for 1939.

Your request for an opinion as contained in your letter
of June 20, 1939, reads as follows:

"Can the Commissioners' Court of Crosby County
legally employ a County Home Demonstration Agent be-
ginning August 1st, 1939 and pay her a salary of $50.
per month for the five remaining months of 1939?"

It is further pointed out in your letter that no pro-
vision was made for the employment of such Agent, nor were any
funds set aside in the county budget for the year 1939.

Article 164, Revised Civil Statutes of 1925, as amend-
ed, provides:

"The Commissioner's Court of any county of this
state is authorized to establish and conduct co-opera-
tive demonstration work in Agriculture and Home Econo-
mics in co-operation with the Agricultural and Mechan-
ical College of Texas, upon such terms and conditions
as may be agreed upon by the Commissioners' Court and
the Agents of the Agricultural and Mechanical College
of Texas; and may employ such means, and may appro-
priate and expend such sums of money as may be nec-
essary to effectively establish and carry on such de-
monstration work in Agriculture and Home Economics in
their respective counties."

3 COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



The pertinent provisions controlling your question, and set forth in Article 689a-11, Revised Civil Statutes, provides:

". . . When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. . . ."

The above statute authorizes the Commissioners' Court of any county to establish and conduct cooperative demonstration work in Home Economics in cooperation with the Agricultural and Mechanical College of Texas, according to terms and conditions as may be agreed upon between such agencies. In order to comply with the provisions of the budget law, the above provisions of Article 689a-11 would control. Being a question of fact, all facts and circumstances could hardly be placed before this department in a matter of this kind sufficient for us to pass upon the question of whether or not an emergency expenditure would be authorized or that the situation constitutes a case of great public necessity. Such questions are by the statute to be passed upon by the Commissioners' Court, and we think properly so.

It is, therefore, the opinion of this department that it is within the discretion of the Commissioners' Court under Article 689a-11 to determine whether or not a situation, as would authorize an amendment of the budget to allow the employment and a salary of a County Home Demonstration Agent, constitutes a case of grave public necessity authorizing emergency expenditures. The employment can only be made by amendment to the budget as an "emergency expenditure", and such expenditure must be predicated upon facts constituting it a case of "grave public necessity to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the

Honorable E. A. Watson, Page 3

original budget." If facts susceptible of such interpretation are determined by the Commissioners' Court to exist, constituting the appointment a matter of "grave public necessity", etc., the employment will be authorized by amendment to the budget.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. W. King
Assistant

APPROVED JUL 28, 1939
WmK:OO

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN